
# MOTION TO QUASH SUBPOENA, FOR PROTECTIVE ORDER, AND TO PREVENT HARASSMENT AND INTIMIDATION

United States Courts
Southern District of Texas
F I L E D

**FEB 10 2025**

Nathan Ochsner
Clerk of Court

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

PHI THETA KAPPA HONOR SOCIETY,

Plaintiff,

v.

HONORSOCIETY.ORG, INC. AND HONOR SOCIETY FOUNDATION, INC.,

Defendants.

Case No. _____

## MOTION TO QUASH SUBPOENA, FOR PROTECTIVE ORDER, AND TO PREVENT HARASSMENT AND INTIMIDATION

TO THE HONORABLE JUDGE OF THIS COURT:

Comes now Toni Marek, appearing *pro se*, and respectfully moves this Court pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure to quash the subpoena issued by Plaintiff Phi Theta Kappa Honor Society ("PTK"), to issue a protective order under Rule 26(c) to prevent further harassment and intimidation, and to prevent PTK from engaging in continued legal threats and coercion against me, a non-party to this litigation.

This subpoena arises from the lawsuit Phi Theta Kappa Honor Society v. HonorSociety.Org, Inc., et al., No. 3:22-cv-00208 (S.D. Miss.), a trademark dispute pending in the Southern District of Mississippi before Judge Carlton W. Reeves.

On December 27, 2024, I filed a Motion to Quash in that case, asserting improper service, undue burden, and PTK's pattern of harassment. On January 30, 2025, the Southern District of Mississippi ruled that it lacked jurisdiction over me, denied the motion without prejudice, and directed me to refile my motion in the proper jurisdiction—Texas (Exhibit 1, Mississippi Court Order Dated January 30, 2025).

Additionally, the May 7, 2024 Scheduling Order in that case set a discovery deadline of December 19, 2024, confirming that discovery is closed (Exhibit 2, May 7, 2024 Scheduling Order). PTK's subpoena was issued after this deadline, making it improper and unenforceable.

This motion seeks to quash the subpoena in its entirety, as it was improperly served, is untimely under the governing scheduling order, and is part of PTK's ongoing pattern of legal harassment and intimidation against a non-party.

I. LEGAL BASIS TO QUASH THE SUBPOENA

A. The Subpoena Was Improperly Served

Under Rule 45(b)(1), personal service is required for a subpoena to be enforceable. Here, PTK's process server:

- Never identified himself as a process server
- Threw an object at my truck, startling me
- Followed me at a high rate of speed after I left out of fear

These facts are confirmed by my security camera footage, which directly contradicts PTK's sworn statements that I "evaded" service. Improper service renders the subpoena unenforceable

(*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Hall v. Sullivan*, 229 F.R.D. 501, 503 (D. Md. 2005)).

Additionally, PTK's own filings admit that no proper personal service was made, yet they continue to misrepresent this fact (Exhibit 3, Response in Opposition to Motion to Quash, Ex. A - Declaration of Rachel Smoot).

B. The Subpoena is Untimely and Violates the Court's Scheduling Order

Discovery in PTK's Mississippi lawsuit closed on December 19, 2024, pursuant to the May 7, 2024 Scheduling Order (Exhibit 2). This means:

- The Southern District of Mississippi already ruled that discovery closed on this date, and this Court should not permit PTK to reattempt improper discovery in Texas.

C. PTK's Conduct Constitutes Harassment and an Abuse of Process

PTK's own filings admit to surveilling my home, peering through my windows, and improperly disclosing my minor child's personal information in court records (Exhibit 3, Declaration of Rachel Smoot).

Threatening to report me to my local prosecutor

- Docket No. 381, Ex. A explicitly states PTK's intent to involve legal authorities.
- Courts have rejected attempts to use legal threats as coercion (*Williams v. Williams*, 23 S.W.3d 546 (Tex. App. 2000)).

Surveilling my home and peering through windows

- Docket No. 381, Ex. A confirms that PTK's investigator looked into my windows, where my minor child was present.
- Courts have found that such surveillance tactics are improper and abusive (*Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984)).

Publicly disclosing my minor child's vehicle details and personal information

- Docket No. 381, Ex. A includes my minor child's vehicle information, violating Federal Rule of Civil Procedure 5.2(a).
- The Supreme Court has ruled that protecting minors' privacy is a substantial legal interest (*Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 (1982)).

PTK's pattern of harassment and legal intimidation is consistent with their prior abusive tactics documented in the Mississippi case. Courts have recognized that misusing discovery to target non-parties is a form of legal harassment (*Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)).

## II. REQUESTED RELIEF

For the foregoing reasons, I respectfully request that this Court:

1. Quash the subpoena due to improper service, undue burden, and discovery violations.
2. Issue a protective order to prevent further harassment and intimidation.
3. Require PTK to redact all personal and identifying information regarding my minor child from public filings.

Respectfully submitted,

*[signature: Toni Marek]*

Toni Marek (Pro Se)

Victoria, Texas

Email: tonimarek@gmail.com

Phone: 361-212-1219

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2025, I served a true and correct copy of this Motion to Quash Subpoena and for Protective Order upon all parties of record via email as follows:

Counsel for Plaintiff Phi Theta Kappa Honor Society:

- Jonathan G. Polak – jpolak@taftlaw.com
- Michael B. Wallace – mbw@wisecarter.com
- Rachel Smoot – rsmoot@taftlaw.com
- Charles E. Cowan – cec@wisecarter.com
- Beau M. Bettiga – bmb@wisecarter.com
- Jack F. Hall – jfh@wisecarter.com

Counsel for Defendants HonorSociety.Org, Inc. and Honor Society Foundation, Inc.:

- Derek A. Linke – linke@newmanlaw.com
- Derek Newman – dn@newmanlaw.com

Additionally, I have filed this motion with the United States District Court for the Southern District of Texas, Victoria Division by depositing it in the US Mail, with postage prepaid, on February 6, 2025 addressed to Martin Luther King, Jr. Federal Building, 312 S. Main, Room 406, Victoria, Texas 77901.

Respectfully submitted,

*[signature: Toni Marek]*

Toni Marek (Pro Se)

Victoria, Texas

Email: tonimarek@gmail.com

Phone: 361-212-1219