# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | |
|---|---|
| TONI MAREK,<br><br>    Plaintiff,<br><br>v.<br><br>PHI THETA KAPPA HONOR SOCIETY,<br><br>    Defendant. | Misc. Action No. 6:25-MC-00001<br><br>S.D. Miss. Civil Action No. 3:22-cv-00208-CWR-RPM |

**HONORSOCIETY.ORG INC. AND HONOR SOCIETY FOUNDATION, INC.'S RESPONSE IN OPPOSITION TO PHI THETA KAPPA HONOR SOCIETY'S MOTION TO COMPEL SUBPOENA COMPLIANCE BY TONI MAREK, OR FOR LEAVE FOR ALTERNATIVE SERVICE, INCLUDING SERVICE BY FEDERAL MARSHAL**

## Table of Contents

**Introduction**............................................................................................................................. 1

**Background**.............................................................................................................................. 2

**Argument** ................................................................................................................................ 4

    A.    PTK's subpoenas cannot be enforced because, in addition to having failed to serve it on Marek, discovery in the underlying action has been closed for months. ........................................................................................................................ 4

    B.    PTK failed to obtain a continuance of the discovery deadlines, despite having many chances to do so. ..................................................................................... 4

    C.    PTK's requested discovery is not relevant. ................................................................6

    D.    PTK's request for leave to serve its subpoenas by alternative means is without merit and should be denied. ........................................................................................7

**Conclusion**............................................................................................................................... 9

## Table of Authorities

**Cases**

*AC Haynes v. Renovation Pro's LLC*,
  No. 24-1584, 2025 U.S. Dist. LEXIS 29053 (E.D. La. Feb. 19, 2025) ...................... 7

*Armendariz v. Chowaiki*,
  No. EP-14-CV-451-KC, 2015 U.S. Dist. LEXIS 193071 (W.D. Tex. June 11, 2015) .............. 7, 9

*Bonnecaze v. Ezra & Sons, LLC*,
  No. 14-1774, 2016 U.S. Dist. LEXIS 43638 (E.D. La. Mar. 31, 2016) ...................... 9

*Calvert v. Reinisch*,
  218 F.R.D. 497 (W.D. Tex. 2003) .................................................................. 5

*Front-Line Promotions & Mktg. v. Mayweather Promotions, LLC*,
  No. 08-3208, 2009 U.S. Dist. LEXIS 129777 (E.D. La. Apr. 2, 2009) ..................... 4

*G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc.*,
  No. 04-cv-01199-DAE-GWF, 2007 U.S. Dist. LEXIS 97869 (D. Nev. Jan. 9, 2007) ............... 6

*Giarratano v. Huntington Ingalls Inc.*,
  No. 22-88, 2023 U.S. Dist. LEXIS 62995 (E.D. La. Apr. 11, 2023) ......................... 4

*Hamilton v. Ochsner Health Sys. Inc.*,
  No. 12-1398, 2012 U.S. Dist. LEXIS 182168 (E.D. La. Dec. 27, 2012) .................... 5

*In re Dennis*,
  330 F.3d 696 (5th Cir. 2003) ...................................................................... 8

*Izaguirre v. FedEx Ground Package Sys.*,
  No. EP-21-CV-00148-RFC, 2022 U.S. Dist. LEXIS 211219 (W.D. Tex. Nov. 21, 2022) ......... 7

*JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*,
  No. 09 Civ. 9116 (PGG), 2009 U.S. Dist. LEXIS 39714 (S.D.N.Y. May 11, 2009) .................. 8

*Mortgage Info. Servs., Inc. v. Kitchens*,
  210 F.R.D. 562 (W.D.N.C. 2002) .................................................................. 4

*Ott v. City of Milwaukee*,
  682 F.3d 552 (7th Cir. 2012) ...................................................................... 8

*S&W Enters. v. Southtrust Bank of Ala.*,
  315 F.3d 533 (5th Cir. 2003) ...................................................................... 6

*SEC v. Rex Venture Grp., LLC*,
  No. 13-MC-004-WTH-PRL, 2013 U.S. Dist. LEXIS 44564 (M.D. Fla. Mar. 28, 2013) ......... 8

*Surbella v. Foley*,
    No. 05-758, 2006 U.S. Dist. LEXIS 55749 (D.C. Ohio 2006) ................................................. 5

*Wash.-St. Tammany Elec. Coop., Inc. v. La. Generating, L.L.C.*,
    No. 17-405-JWD-RLB, 2018 U.S. Dist. LEXIS 244308 (M.D. La. Sep. 5, 2018) ..................... 5

*Williams v. Weems Cmty. Mental Health Ctr.*,
    No. 04-179, 2006 U.S. Dist. LEXIS 21845 (S.D. Miss. Apr. 6, 2006) ...................................... 5

**Rules**

Fed. R. Civ. P. 4 .......................................................................................................................... 2, 7

Fed. R. Civ. P. 4(c)(3) ...................................................................................................................... 7

Fed. R. Civ. P. 45 .................................................................................................................. 2, 8, 9

Fed. R. Civ. P. 45(d) ..................................................................................................................... 7, 8

S.D. Miss. L.U.Civ.R. 7(b)(2)(C) ................................................................................................... 3

S.D. Miss. L.U.Civ.R. 26(b)(2) ...................................................................................................... 5

**Other Authorities**

4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1090
    (4th ed. 2022) ............................................................................................................................ 7

## Introduction

PTK's motion seeks to compel Toni Marek's compliance with subpoenas issued in the underlying action in the Southern District of Mississippi in *Phi Theta Kappa Honor Society v. HonorSociety.org Inc.*, 3:22-cv-00208-CWR-RPM (the "Mississippi Action"). But under the court-ordered case schedule, discovery closed in December 2024, the parties are nearly finished with summary-judgment briefing and facing imminent pretrial deadlines in advance of jury trial set for early June. But PTK has known since before discovery closed that it desired to take third-party discovery from Marek and had multiple chances to seek an extension from the Mississippi court or but never did so. Instead, as reflected in its litigation counsel's communications with Marek, it continues to demand that she comply with its subpoena and threaten her should she fail to do so.

As a result, Marek filed a motion in the Mississippi court seeking to quash PTK's subpoena. That Court denied her motion without prejudice on jurisdictional grounds, directing her to bring it in an appropriate forum. She did, by initiating this miscellaneous action for the purpose of moving to quash PTK's subpoena, including on the grounds that it is untimely. PTK opposed her motion and filed its own motion to compel her compliance. But PTK still has not sought relief from the Mississippi court's discovery deadline. And with the parties preparing for trial, with summary judgment briefing nearly complete, there is a serious risk of prejudice to HonorSociety of being forced to devote resources and attention to PTK's unauthorized discovery. That's especially concerning given that, according to PTK's motion, the reason it wants discovery from Marek is largely due to alleged activities she engaged in in January 2025. PTK's motion insinuates that HonorSociety is responsible for Marek's conduct—it is not. And the Marek-related January activities PTK identifies—her contacting its largest grantor, board of directors, and insurer and threatening to publish a book—have nothing to do with PTK's claims against HonorSociety in its operative complaint in the Mississippi Action and are thus, by definition, not relevant. PTK is attempting to use the Mississippi Action to conduct discovery

into Marek's conduct in an end run around that court's scheduling order. This Court should decline to help it in doing so.

Nor should this Court authorize PTK to serve Marek with its subpoena by alternative means. The Fifth Circuit requires that subpoenas under Rule 45 must be delivered by personal service. PTK asks the Court to direct the U.S. Marshalls to serve Marek, but that procedure is only provided for service of a summons under Rule 4, not service of a subpoena under Rule 45. And even under Rule 4, use of a marshal is appropriate only where necessary to keep the peace in a situation involving anticipated hostility. PTK doesn't claim that Marek is hostile such that a marshal would be necessary. Rather, it suggests that a marshal process server would intimidate her such that service would be easier. PTK also asks the Court to authorize service on Marek by email or other alternative means. But all of the authority it cites is from other circuits which—unlike the Fifth Circuit—authorize alternative service of subpoenas under Rule 45.

HonorSociety respectfully requests that this Court deny PTK's motion to compel in its entirety.

## Background

PTK filed the Mississippi Action against HonorSociety in April 2022. Declaration of Derek Linke ¶ 3. On April 9, 2024, PTK filed its Second Amended Complaint ("Complaint") in the Mississippi Action. *Id.* ¶ 4, Ex. A. PTK's Complaint includes, among others, claims for tortious interference[1] against HonorSociety arising from public-records requests and surveys that HonorSociety allegedly conducted in March 2024. See *id.* On May 7, 2024, the court in the Mississippi Action entered an amended scheduling order which included, among others, a December 19, 2024 discovery deadline, summary-judgment briefing deadlines, a May 2, 2025 pretrial conference and June 2, 2025 trial date. *Id.* ¶ 5, Ex. B. That order warned the parties "to file any discovery motions 'sufficiently in advance of the discovery deadline to allow response to

---

[1] PTK concedes that Marek is not relevant to its other claims for unfair competition, false advertising, and trademark infringement. *See* Linke Decl. ¶ 8, Ex. F, p. 2.

- 2 -

the motion, ruling by the court and time to effectuate the court's order before the discovery deadline.' L.U.Civ.R. 7(b)(2)(C)." *Id.* at 3 (citing S.D. Miss. Local Civil Rule 7(b)(2)(C)).

In July 2024, HonorSociety filed a declaration provided by Marek in connection with a filing in the Mississippi Action. *See* Linke Decl. ¶ 6, Ex. C. Over three months later, on October 21, 2024, PTK filed a notice of its intention to serve a subpoena on Marek. *Id.* ¶ 7, Ex. D.

HonorSociety moved for additional time to receive documents from subpoena recipients it had served and who had agreed to produce responsive documents, provide testimony, or both but because of scheduling issues, would not be able to do so prior to the discovery deadline. PTK strongly opposed HonorSociety's request, including on the grounds that discovery could not be extended under any circumstances, quoting previous warnings to the parties about the discovery cutoff:

> "During this litigation, the Court has extended the deadlines several times. On more than one occasion, the parties have been admonished by the Court with respect to conducting discovery in a timely manner and complying with the deadlines." … Thus, the day of reckoning has come and gone – on more than one occasion. Eventually discovery must end.

*Id.* ¶ 8, Ex. E (citations omitted, emphasis added). Yet, at no point prior to the discovery deadline did PTK ever seek an extension from the Mississippi court for its subpoena to Marek. *Id.* ¶ 9.

On December 19, 2024, Marek filed a motion in the Mississippi Action seeking to quash PTK's subpoena. *Id.* ¶ 10, Ex. F. Attached to Marek's motion was correspondence she received from PTK's counsel threatening her, not with a motion to compel, but that PTK would contact her "local prosecutor and bring this matter to her attention." *Id.* at Exhibit A: Correspondence from Plaintiff's Counsel, p. 2. On January 2, 2025, PTK filed its opposition to Marek's motion to quash in the Mississippi Action. *Id.* ¶ 11, Ex. G. On January 30, the Mississippi court found it lacked jurisdiction to resolve Marek's motion to quash, denying it "without prejudice to refile before the appropriate court." *Id.* ¶ 12, Ex. H.

On February 10, Marek filed her motion to quash in this Court. Doc. 1. PTK opposed her motion and filed its motion to compel. Docs. 9, 10. PTK still has never obtained leave from the

- 3 -

Mississippi court to conduct discovery into Marek after the December 19, 2024 court-ordered discovery deadline. *Id.* ¶ 13.

## Argument

**A.     PTK's subpoenas cannot be enforced because, in addition to having failed to serve it on Marek, discovery in the underlying action has been closed for months.**

A party may not circumvent a scheduling order by taking discovery via subpoena after the deadline for completion of discovery. *See Giarratano v. Huntington Ingalls Inc.*, No. 22-88, 2023 U.S. Dist. LEXIS 62995, at *17 (E.D. La. Apr. 11, 2023) (quashing untimely subpoena); *see also Front-Line Promotions & Mktg. v. Mayweather Promotions, LLC*, No. 08-3208, 2009 U.S. Dist. LEXIS 129777 (E.D. La. Apr. 2, 2009) (granting motion to quash subpoena duces tecum with a return date after the deadline for completion of discovery); *Mortgage Info. Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 567–68 (W.D.N.C. 2002). Discovery in the Mississippi Action has been closed since December 19, 2023. And that court repeatedly warned the parties to conduct discovery not only such that it would be complete by that deadline, but that it was also necessary for them to do so with such time that any discovery motions could also be completed by the deadline. *See* Linke Decl., Ex. F

**B.     PTK failed to obtain a continuance of the discovery deadlines, despite having many chances to do so.**

PTK could have sought and obtained leave from the Southern District of Mississippi to serve and enforce its subpoenas to Marek after the discovery deadline but failed to do so. Instead it has proceeded in this Court in disregard of the Mississippi court's scheduling order. PTK has had many opportunities to seek an extension of the court-ordered discovery deadline for the purpose of serving Marek with its subpoenas and enforcing them. It has repeatedly either failed or refused to do so. For example, despite bringing to the Mississippi court's attention its difficulties serving Marek prior to the expiration of the discovery deadline, PTK did not seek an extension. To the contrary, at that time it vigorously opposed HonorSociety's efforts to complete its third-party discovery with respect to subpoenas that HonorSociety had not just properly

served on third parties but also reached agreements with the third parties on with respect to compliance. And despite Marek's recent filings in this Court which repeatedly argue that discovery in the underlying action is closed, PTK still has not sought an extension of that deadline from the Mississippi court. It refuses to do so and this Court should decline to grant PTK's implied request that this Court extend the Mississippi court's case-schedule deadlines.

Under the Mississippi court's local rules, "discovery requests that seek responses or schedule depositions that would otherwise be answerable after the discovery deadline date are not enforceable except by order of the court for good cause shown." S.D. Miss. L.U. Civ. R. 26(b)(2). And it would be inappropriate for PTK to seek relief from the discovery deadline in this Court. *See Calvert v. Reinisch*, 218 F.R.D. 497, 501 (W.D. Tex. 2003) (holding that "any question regarding … the possible extension of pretrial deadlines … should be directed to the [district court] where the action is pending" instead of the district in which subpoena compliance is sought); *see also Hamilton v. Ochsner Health Sys. Inc.*, No. 12-1398, 2012 U.S. Dist. LEXIS 182168, at *3 (E.D. La. Dec. 27, 2012) (noting that subpoena served on a party after the discovery deadline should not have been issued without permission from the court extending the discovery deadline) (quoting *Williams v. Weems Cmty. Mental Health Ctr.*, No. 04-179, 2006 U.S. Dist. LEXIS 21845, at *2 (S.D. Miss. Apr. 6, 2006)).

Nor would such a motion likely be granted at this point. Motions for leave to conduct additional discovery filed after the court-ordered discovery deadline are disfavored. *See Williams*, 2006 U.S. Dist. LEXIS 21845, at *5 (refusing to enforce third-party subpoena after passage of court-ordered discovery deadline where requesting party had not sought an extension); *Wash.-St. Tammany Elec. Coop., Inc. v. La. Generating, L.L.C.*, No. 17-405-JWD-RLB, 2018 U.S. Dist. LEXIS 244308, at *8 (M.D. La. Sep. 5, 2018) (denying motion to obtain additional discovery after court-ordered discovery deadline); *Surbella v. Foley*, No. 05-758, 2006 U.S. Dist. LEXIS 55749 (D.C. Ohio 2006) (subpoena issued before the close of discovery that scheduled a deposition after the end of the discovery period was not enforced). Moreover, PTK's efforts to enforce its subpoenas in this Court pose a serious risk of prejudice to HonorSociety. Discovery

has been closed for months, the parties have nearly completed summary-judgment briefing, and pretrial preparations are underway. PTK's motion to compel should be denied on prejudice grounds alone. *See G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc.*, No. 04-cv-01199-DAE-GWF, 2007 U.S. Dist. LEXIS 97869, at *12 (D. Nev. Jan. 9, 2007) (a party can oppose a nonparty subpoena on grounds that the party's interests are jeopardized by the nonparty discovery).

**C.    PTK's requested discovery is not relevant.**

PTK claims that it is entitled to take discovery from Marek in connection with alleged actions she undertook in January 2025 which it falsely accuses HonorSociety of being responsible for. *See* Doc. 10 at 4. Specifically, PTK claims that (1) on January 16 Marek sent a letter to its board of directors; (2) January 29 Marek "issued" a communication to one of PTK's largest grantors of scholarships and contacted PTK's insurer; and (3) further announced her upcoming book *Saving PTK: The Whistleblower's Fight for Truth and Courage. Id.* PTK's motion identifies no legitimate basis upon which those purported actions are relevant to any of the claims or defenses in the Mississippi action. They are not.

PTK's Complaint includes claims for tortious interference against HonorSociety arising from public-records requests and surveys that HonorSociety allegedly conducted in March 2024. But that Complaint makes no mention whatsoever of allegedly interfered with relationships with PTK's board of directors, its "largest grantor of scholarships," or its insurer. Nor could it, as those actions by Marek all allegedly took place in January 2025, after the discovery deadline. *See* Doc. 10 at 4.

Even assuming PTK's accusations about Marek have any basis—which is dubious given that its motion to compel about these alleged events is supported only by declarations from litigation counsel—they still have no relevance to its pending Complaint against HonorSociety in the underlying action that is scheduled to go to trial in a few months. Nor is there any reason to believe that PTK would be permitted to bring these new allegations into the existing lawsuit via amendment at this late date. *See S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th

Cir. 2003) (affirming denial of motion for leave to amend where tortious-interference plaintiff waited for months to seek amendment adding new interference allegations to complaint).

**D. PTK's request for leave to serve its subpoenas by alternative means is without merit and should be denied.**

Finally, PTK asks the Court to authorize it to serve Marek with its subpoenas by alternative means including use of a federal marshal and email. This request should be denied for several reasons.

First, as discussed in detail above, discovery is long closed. Without leave of court—which PTK has never sought, either from the Mississippi court or from this Court—PTK cannot now serve a subpoena on Marek.

Second, PTK's inability to timely serve Marek with its subpoenas does not warrant the deployment of a federal marshal to effectuate service on its behalf. Under Rule 4(c)(3), a district court may order that service of process of a summons and complaint be made by the U.S. Marshal. In contrast, Rule 45(d) does not authorize a similar procedure, and service of subpoenas "differs substantially from service of a summons under Rule 4[.]" *Armendariz v. Chowaiki*, No. EP-14-CV-451-KC, 2015 U.S. Dist. LEXIS 193071, at *3 (W.D. Tex. June 11, 2015).

Additionally, these circumstances do not warrant marshal service. Service by a marshal may be appropriate where "a law enforcement presence appears to be necessary or advisable to keep the peace". *AC Haynes v. Renovation Pro's LLC*, No. 24-1584, 2025 U.S. Dist. LEXIS 29053, at *4 (E.D. La. Feb. 19, 2025) (quoting Fed. R. Civ. P. 4(c) advisory committee's note to 1993 amendment). Thus, service by marshal is "typically for situations involving hostile defendants." *Izaguirre v. FedEx Ground Package Sys.*, No. EP-21-CV-00148-RFC, 2022 U.S. Dist. LEXIS 211219, at *4 (W.D. Tex. Nov. 21, 2022) (citing 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1090 (4th ed. 2022)). Notably, both *AC Haynes* and *Izaguirre* involve service of process under Rule 4, not service of a subpoena under Rule 45. Here, there is no indication that Marek is "hostile" such that a marshal would be necessary to "keep

the peace," so marshal service would be unwarranted even for process service under Rule 4 and not subpoena service under Rule 45.

Third, none of PTK's authority indicates that alternative service may be authorized for service of a subpoena under Rule 45(d). All of the cases PTK cites are from outside the Fifth Circuit and indicate that various other methods of service under Rule 45 were acceptable under the other circuits' standards. In *Ott v. City of Milwaukee*, 682 F.3d 552 (7th Cir. 2012), the Seventh Circuit found that service of a subpoena by certified mail was acceptable. *Id.* at 557. But in doing so, it expressly distinguished the Fifth Circuit's strict personal-service standard for Rule 45 subpoena service under *In re Dennis*, 330 F.3d 696 (5th Cir. 2003), noting that "[m]any courts have interpreted [the language of Rule 45(d)] literally to require nothing short of personal service." *Ott*, 682 F.3d at 557 (citing *Dennis*, 330 F.3d at 704–05). In other words, the result in *Ott* would have been different had it been evaluated under the Fifth Circuit's standard.

Similarly, in *SEC v. Rex Venture Grp., LLC*, No. 13-MC-004-WTH-PRL, 2013 U.S. Dist. LEXIS 44564, at *5–7 (M.D. Fla. Mar. 28, 2013), the Middle District of Florida approved service of a subpoena by mail. But in doing so it noted that the Eleventh Circuit had not addressed the issue of whether service under Rule 45(d) required personal delivery and that some other Florida federal district courts had approved such alternative service. That outcome is not relevant here, as the Fifth Circuit has addressed this issue and requires personal service. *See Dennis*, 330 F.3d at 704–05 ("proper service requires [] personal delivery of the subpoena"). Finally, PTK cites *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 09 Civ. 9116 (PGG), 2009 U.S. Dist. LEXIS 39714, at *5–8 (S.D.N.Y. May 11, 2009). But again, the decision in that case permitting alternative service by mail was made in the context of "no Second Circuit case law interpreting the Rule 45 requirement of delivery as requiring personal service". *Id.* at *6. Thus, in that case, the Southern District of New York decided to join other decisions from that district allowing alternative service. *Id.* (collecting cases).

In contrast, cases in the Fifth Circuit applying the *Dennis* standard consistently refuse to permit alternative forms of service for subpoenas under Rule 45. *See, e.g.*, *Bonnecaze v. Ezra &*

*Sons, LLC*, No. 14-1774, 2016 U.S. Dist. LEXIS 43638, at *3–4 (E.D. La. Mar. 31, 2016) (granting motion to quash served via email and U.S. first class mail); *Armendariz*, 2015 U.S. Dist. LEXIS 193071 (holding that court must quash subpoena to person not personally served in compliance with the stringent service requirements of Rule 45 because person is not subject to the subpoena absent proper service).

Thus, even if discovery wasn't already closed and even if PTK hadn't failed to seek a continuance in the underlying action, there still would be no legal basis upon which this Court could authorize alternative service by email or any other means besides personal service.

## Conclusion

PTK is long out of time to conduct discovery in this dispute pending in the Southern District of Mississippi. The court-ordered discovery deadline was in December and PTK has never obtained an extension from that court for the purpose of obtaining discovery from Marek. Trial is quickly approaching. And PTK's motion to compel confirms that its interest in taking discovery from Marek is not even relevant, as it claims it needs information from her about alleged activities that occurred in January 2025, none of which are within the scope of PTK's complaint. This Court should not permit PTK to obtain third-party discovery from Marek in this Court—effectively an end run around the Mississippi court's scheduling order—and should not authorize it to serve her with a subpoena using alternative means. HonorSociety respectfully requests that this Court deny PTK's motion to compel in its entirety.

Dated: March 19, 2025                                  Respectfully Submitted,

                                                       Newman llp

                                                       s/ Derek Linke
                                                       Derek A. Newman, Fed No. 759111
                                                       Derek Linke, Fed No. 3911571
                                                       100 Wilshire Blvd, Suite 700
                                                       Santa Monica, CA 90401
                                                       Telephone: 310-359-8200
                                                       Facsimile: 310-359-8190

- 10 -

dn@newmanlaw.com
linke@newmanlaw.com

Attorneys for HonorSociety.org Inc. and Honor Society Foundation, Inc.

- 1 -

## Certificate of Service

I hereby certify that on March 19, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Service on known Filing Users will be automatically accomplished through the Notice of Electronic Filing. Additionally, I emailed the foregoing to the following non Filing User:

Toni Marek
tonimarek@gmail.com

Executed this 19th day of March 2025.

s/ Derek Linke
Derek Linke