United States Courts
Southern District of Texas
FILED

MAR 24 2025

Nathan Ochsner
Clerk of Court

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

VICTORIA DIVISION

TONI MAREK,

Plaintiff,

v.

PHI THETA KAPPA HONOR SOCIETY,

Defendant.

Misc. Action No. 6:25-MC-00001

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

I. INTRODUCTION

Defendant Phi Theta Kappa Honor Society ("PTK") moves to compel compliance with a subpoena that is procedurally defective, untimely, and intended to intimidate rather than seek relevant discovery. This Court should deny PTK's Motion to Compel because discovery is closed, the subpoena was never properly served, and the requested relief is both unnecessary and inappropriate.

Plaintiff hereby incorporates by reference her Motion to Quash and Reply Brief, previously filed in this matter, as if fully set forth herein. The arguments raised in those filings—including that the subpoena is burdensome, untimely, and improperly served—apply with equal force to PTK's Motion to Compel.

PTK's motion should be denied for the following reasons:

1. Discovery is closed, making the subpoena untimely. A party cannot issue or enforce a subpoena after discovery has ended. Courts routinely reject such requests (*In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 341 (N.D. Ill. 2005)).

2. The subpoena was never properly served. PTK has not met the requirements of Federal Rule of Civil Procedure 45(b)(1), which mandates proper service before compliance can be compelled. Courts have ruled that failure to properly serve a subpoena makes it unenforceable (*Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968)).

3. PTK's request for a U.S. Marshal is excessive and unnecessary. PTK argues that Plaintiff should be served by a federal marshal because she might be "less likely to conceal herself." This claim has no factual basis and appears intended to pressure and intimidate rather than ensure compliance.

4. Plaintiff's work has been public since 2015—PTK's claims of concealment are false. Plaintiff's research into PTK has been publicly available on AndThenSheSpokeUp.com since 2015 (Exhibit A). PTK had nearly a decade to request information but only issued this subpoena after Plaintiff's public reporting gained attention.

5. PTK is trying to suppress public FOIA disclosures. The subpoena was issued before Plaintiff received a November 22, 2024, FOIA-obtained email (Exhibit D) where PTK leadership expressed concern about scholarship-related discussions becoming public. The timing of the subpoena shows PTK's real goal: stopping further FOIA disclosures, not obtaining relevant discovery.

Because PTK's Motion to Compel is untimely, improperly served, and an attempt to suppress public reporting, this Court should deny it in full and issue a protective order under Fed. R. Civ. P. 26(c)(1).

## II. DISCOVERY IS CLOSED; PTK'S MOTION IS UNTIMELY

PTK's Motion to Compel should be denied because discovery in the underlying litigation is closed. A party cannot enforce a subpoena after discovery has ended, and PTK's request to serve Plaintiff by email or U.S. Marshal does not change this fact.

Courts consistently hold that subpoenas issued after discovery deadlines are improper and unenforceable. In *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 341 (N.D. Ill. 2005), the court denied a motion to compel, ruling that a party's failure to request discovery within the court-ordered timeframe precluded later attempts to obtain the same information.

Because discovery is closed, PTK's Motion to Compel is procedurally improper and must be denied.

## III. PTK FAILED TO SERVE THE SUBPOENA; MOTION IS PROCEDURALLY DEFICIENT

PTK's Motion to Compel should be denied because Plaintiff was never properly served with the subpoena. Under Federal Rule of Civil Procedure 45(b)(1), a subpoena must be personally served before a court can compel compliance. *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003), finding that Rule 45(b)(1) requires personal service of subpoena. PTK has failed to meet this requirement.

Courts have held that failure to properly serve a subpoena renders it unenforceable. In *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968), the court ruled that a motion to compel compliance with a subpoena cannot be granted when service has not been properly effectuated. Because PTK never properly served the subpoena, its Motion to Compel is procedurally improper and must be denied.

## IV. PTK'S REQUEST FOR A U.S. MARSHAL IS UNNECESSARY AND INTENDED TO INTIMIDATE

PTK's request to have the U.S. Marshal serve Plaintiff is unwarranted and serves no legitimate purpose. There is no need for a marshal, as Plaintiff is not dangerous and PTK does not claim otherwise. What PTK does claim is that Plaintiff should be served by a federal marshal because she may be "less likely to conceal herself." This assertion is unsupported, misleading, and appears to be an attempt at intimidation rather than a good-faith effort to obtain discovery.

Plaintiff was not evading service. The request to involve law enforcement in a civil discovery dispute is excessive, unnecessary, and an attempt to exert pressure on Plaintiff rather than ensure proper service.

Because PTK's request for U.S. Marshal service is intended to intimidate rather than facilitate legitimate discovery, its Motion to Compel must be denied.

## V. PLAINTIFF'S WORK HAS BEEN PUBLIC SINCE 2015; PTK'S CLAIMS OF CONCEALMENT ARE FALSE

PTK's claim that Plaintiff has concealed information is false and unsupported. Plaintiff's investigative work on PTK has been publicly available since 2015 through her website *AndThenSheSpokeUp.com* (Exhibit A).

PTK had nearly a decade to seek discovery from Plaintiff but failed to do so. Because Plaintiff's work has been publicly available for years, PTK's argument that she is withholding information is unsupported and does not justify compelling compliance with an untimely subpoena.

## VI. PTK SEEKS TO SUPPRESS PUBLIC FOIA DISCLOSURES TO HINDER PLAINTIFF'S FIRST AMENDMENT RIGHTS

A FOIA request unearthed a November 22, 2024, email in which PTK CEO Lynn Tincher-Ladner expressed concern about public disclosures regarding PTK's scholarship calculations (Exhibit D). In this email, PTK's leadership acknowledged that questions about how PTK represents its scholarships could become a public issue. This email is just one example of the type of information Plaintiff has uncovered through public records—information PTK seeks to suppress.

PTK's Motion to Compel is not about obtaining relevant discovery; it is an attempt to use the legal process to stifle Plaintiff's speech and investigative efforts. By seeking to depose Plaintiff, PTK is not pursuing necessary testimony but trying to hinder and deter her First Amendment-protected activities.

This tactic aligns with strategic lawsuits against public participation (SLAPPs) — a form of litigation designed to burden individuals engaged in protected speech with unnecessary legal costs and obligations. Anti-SLAPP laws exist to prevent precisely this type of abuse. PTK's attempt to compel Plaintiff's deposition is a clear example of using litigation as a weapon to chill free speech rather than pursue legitimate claims.

Because PTK's Motion to Compel is retaliatory and designed to obstruct Plaintiff's constitutionally protected speech, the Court should deny it in full and issue a protective order to prevent further harassment.

VII. CONCLUSION & REQUEST FOR PROTECTIVE ORDER

PTK's Motion to Compel is procedurally defective, untimely, and intended to intimidate rather than obtain relevant discovery. The subpoena seeks to burden Plaintiff with legal obligations not to obtain necessary evidence, but to suppress her public advocacy and reporting. Courts have consistently held that motions to compel should be denied when discovery is closed, service is defective, or when discovery is used as a tool of intimidation (*In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 341 (N.D. Ill. 2005); *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968)).

For these reasons, Plaintiff respectfully requests that the Court:

1. Deny PTK's Motion to Compel in its entirety as procedurally improper and untimely.
2. Issue a Protective Order under Fed. R. Civ. P. 26(c)(1) preventing PTK from issuing further subpoenas to Plaintiff without prior court approval.
3. Grant any further relief the Court deems just and proper.

Dated: March 19, 2025

Respectfully submitted,

/s/ Toni Marek

Toni Marek (Pro Se)

Victoria, Texas

Email: tonimarek@gmail.com

Phone: 361-212-1219

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2025, I served a true and correct copy of Plaintiff's Reply to Defendant's Opposition to Motion to Quash Subpoena and for Protective Order upon all parties of record via email as follows:

Counsel for Plaintiff Phi Theta Kappa Honor Society:

- Jonathan G. Polak jpolak@taftlaw.com
- Michael B. Wallace mbw@wisecarter.com
- Rachel Smoot rsmoot@taftlaw.com
- Charles E. Cowan cec@wisecarter.com
- Beau M. Bettiga bmb@wisecarter.com
- Jack F. Hall jfh@wisecarter.com

Counsel for Defendants HonorSociety.Org, Inc. and Honor Society Foundation, Inc.:

- Derek A. Linke linke@newmanlaw.com
- Derek Newman dn@newmanlaw.com

Additionally, I have filed this motion with the United States District Court for the Southern District of Texas, Victoria Division by depositing it in the U.S. Mail, with postage prepaid, on March 19, 2025, addressed to:

Martin Luther King, Jr. Federal Building

312 S. Main, Room 406

Victoria, Texas 77901

Respectfully submitted,

/s/ Toni Marek

Toni Marek (Pro Se)

Victoria, Texas

Email: tonimarek@gmail.com

Phone: 361-212-1219