**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | |
|---|---|
| TONI MAREK, ) | |
| ) | Misc. Action No. 6:25-MC-00001 |
| Plaintiff ) | |
| ) | |
| v. ) | S.D. Miss. Civil Action No. 3:22-cv-00208- |
| ) | CWR-RPM |
| PHI THETA KAPPA HONOR SOCIETY, ) | |
| ) | |
| Defendant ) | |
| ) | |

## PHI THETA KAPPA HONOR SOCIETY'S MOTION TO STRIKE OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

Phi Theta Kappa Honor Society ("PTK" or "Defendant") respectfully moves this Court to strike: (1) Exhibit D to Plaintiff's Opposition to Defendant's Motion to Compel, ECF No. 14-4, and (2) the references to Exhibit D in Plaintiff's Opposition, ECF No. 14 at 2, 5, as such information is protected under the attorney-client privilege. In the alternative, PTK moves for a protective order, pursuant to Fed. R. Civ. P. 26(c), to prevent disclosure of the privileged information.

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................................................ ii
I.    INTRODUCTION AND FACTUAL BACKGROUND ................................................... 1
II.    LEGAL AUTHORITIES .................................................................................................. 2
III.    ARUGUMENT ................................................................................................................. 3
        A.    The Information is Protected Under the Attorney-Client Privilege. ...................... 3
        B.    The Information is Protected Under the Work Product Doctrine. ......................... 4
        C.    No Waiver of the Privilege or Protection is Applicable. ....................................... 5
IV.    CONCLUSION ................................................................................................................. 6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alpert v. Riley*,
　267 F.R.D. 202 (S.D. Tex. 2010) ............................................................................................. 3, 5

*Fatemi v. White*,
　2014 WL 12754937 (E.D. Ark. Mar. 27, 2014) ........................................................................... 2

*Green v. Kroger Co.*,
　2022 WL 1078024 (S.D. Tex. Apr. 11, 2022) .............................................................................. 4

*Paxton v. City of Dallas*,
　509 S.W.3d 247 (Tex. 2017) ........................................................................................................ 3

*Pedersen v. Kinder Morgan, Inc.*,
　2023 WL 6441948 (S.D. Tex. Sept. 29, 2023) ............................................................................. 3

*Tex. Dep't of Pub. Safety v. Cox Tex. Newspapers, L.P.*,
　343 S.W.3d 112 (Tex. 2011) ........................................................................................................ 2

*Univ. of Texas Sys. v. Franklin Ctr. for Gov't & Pub. Integrity*,
　675 S.W.3d 273 (Tex. 2023) ........................................................................................................ 3

**Statutes**

Freedom of Information Act ............................................................................................................ 2

Texas Public Information Act ..................................................................................................... 2, 3

**Other Authorities**

Fed. R. Civ. P. 26(b)(3) .................................................................................................................... 2

Fed. R. Civ. P. 26(b)(5)(B) ........................................................................................................... 5, 6

Fed. R. Civ. P. 26(c) ................................................................................................................ 1, 3, 6

Fed. R. Evid. 501 ............................................................................................................................. 2

Fed. R. Evid. 502 ..................................................................................................................... 2, 5, 6

## I. INTRODUCTION AND FACTUAL BACKGROUND

On March 19, 2025, Toni Marek ("Marek" or "Plaintiff") sent emails to PTK's counsel attaching her Opposition to Defendant's Motion to Compel (the "Opposition") and Exhibits A-D thereto. It is unclear who all received Marek's communication and attachments because, in her emails to PTK's counsel, Marek stated, "All recipients have been BCC'd to maintain privacy." Presumably, Marek also emailed the communication and attachments to this Court for public filing, as the documents are now available on the PACER docket. *See* ECF No. 14-4; ECF No. 14 at 2, 5.

Exhibit D to Marek's Opposition is an email sent by PTK's President and CEO, Dr. Tincher-Ladner, to three members of PTK's Board of Directors (Mary Linder, Dr. Daniel Phelan, and Dr. George Boggs), which conveys legal advice and litigation strategy provided by PTK's attorney to Dr. Tincher-Ladner during a deposition in S.D. Miss. Civil Action No. 3:22-cv-00208-CWR-RPM.

Aside from her position on PTK's Board of Directors, Mary Linder is employed at Grayson College in Texas, a college PTK understands received a public records request from Marek. As suggested by Marek's Opposition, the email offered by Marek as Exhibit D appears to have been produced by Grayson College in response to a public records requests for information from the college concerning PTK and/or Dr. Tincher-Ladner. PTK confirmed with Grayson College that Grayson College provided the privileged communication to Marek in response to her public records request. It appears that Grayson College inadvertently produced the email without identifying the privileged nature of the information contained therein, and perhaps without reviewing the document at all.

On March 24, 2025, PTK's counsel emailed Marek to inform her of the privileged nature of the information. Attempting to confer in good faith, PTK requested a meeting with Marek to

explain the privilege and protection claimed and to ask Marek to contact the Court with a request to redact or withdraw the privileged information. Marek has refused to meet and confer regarding the issue. Due to the urgent nature of the request (as the privileged information has now been publicly filed), PTK now asks the Court to strike the filings or issue a protective order to protect the privileged information.[1]

## II.   LEGAL AUTHORITIES

Based on the nature of the legal dispute before this Court, federal law ultimately governs the privilege and work-product issues presented. Fed. R. Evid. 501; Fed. R. Civ. P. 26(b)(3); *see also Fatemi v. White*, 2014 WL 12754937, at *2 (E.D. Ark. Mar. 27, 2014) (collecting cases to support the district court's application of federal law to prohibit disclosure of work product-protected information when such information was requested under the Freedom of Information Act). It is well established that, "[t]he common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege . . . ." *See Fatemi*, 2014 WL 12754937, at *2 citing Fed. R. Evid. 501. "Bounded by Federal Rule of Civil Procedure 26(b)(3)'s provisions, and Federal Rule of Evidence 502's specifics on waiver, federal common law governs on work product [as well as attorney-client privilege]." *Id*. "State law, of course, informs the federal common law on both issues." *Id*.

Whether analyzed under federal or state law, privileged information is protected from disclosure. The Texas Public Information Act (PIA) "guarantees access to public information, subject to certain exceptions." *Tex. Dep't of Pub. Safety v. Cox Tex. Newspapers, L.P.*, 343 S.W.3d

---

[1] This situation gives meaning to the seriousness of PTK's efforts to obtain all documents in the possession of Marek and that are the subject of PTK's subpoena and efforts to enforce that subpoena. That she has privileged communications is only known to PTK by virtue of her filing one example with the Court. It is unclear how many other documents are in her possession that are similarly situated. PTK again urges the Court to have an expedited hearing on the pending motion to enforce.

112, 114 (Tex. 2011). Those "certain exceptions" exempt from the disclosure requirements of the PIA information "made confidential by other law," for example, where such information "fall[s] within the attorney–client privilege, which is contained in the rules of evidence." *Univ. of Texas Sys. v. Franklin Ctr. for Gov't & Pub. Integrity*, 675 S.W.3d 273, 279 (Tex. 2023); *see also Paxton v. City of Dallas*, 509 S.W.3d 247, 250 (Tex. 2017) (finding that the Texas PIA "recognizes that public interests are best advanced by shielding some information from public disclosure."). Specifically, "[t]he Legislature, in its considered judgment, has excepted from disclosure more than sixty categories of information, including information protected by the attorney-client privilege." *Id*. Under Texas law, unless the attorney-client privilege or work product protection are waived, the privilege and protection always constitutes a compelling reason to withhold information that would otherwise be disclosed pursuant to a public records request. *Paxton*, 509 S.W. 3d at 254-263.

### III.   ARUGUMENT

Exhibit D (ECF No. 14-4) and references to Exhibit D in Marek's Opposition (ECF No. 14 at 2, 5) are protected under the attorney-client privilege and the work product protection, neither of which have been waived. Therefore, PTK respectfully requests that the Court strike the privileged information from Marek's filings or issue a protective order, pursuant to Fed. R. Civ. P. 26(c), to protect against the disclosure of such information.

#### A.   The Information is Protected Under the Attorney-Client Privilege.

"The attorney-client privilege, when applicable, shields from disclosure confidential communications between an attorney and client." *Alpert v. Riley,* 267 F.R.D. 202, 208 (S.D. Tex. 2010) citing *United States v. Neal,* 27 F.3d 1035 (5th Cir.1994). "[A] confidential communication between client and counsel is privileged only if it is generated for the purpose of obtaining or providing legal assistance . . . ." *Pedersen v. Kinder Morgan, Inc.*, 2023 WL 6441948, at *3 (S.D.

3

Tex. Sept. 29, 2023). In connection with a deposition in S.D. Miss. Civil Action No. 3:22-cv-00208-CWR-RPM, PTK's counsel advised PTK's President and CEO, Dr. Tincher-Ladner, about the process of the deposition, when PTK's counsel would question the witness, and what the substance of those questions would entail. This is evident from Exhibit D to Marek's Opposition. Dr. Tincher-Ladner then relayed this legal advice and strategy to members of PTK's Board of Directors, who are within the scope of the privilege. As shown in Marek's Exhibit D, Dr. Tincher-Ladner's email also included a specific attachment intended to be the subject of counsel's deposition questions. The email between Dr. Tincher-Ladner and PTK's Board of Directors is a confidential communication conveying the legal advice and strategy she received from counsel to other high-ranking individual's in PTK's organization. Thus, the confidential communication is protected by the attorney-client privilege.

### B.   The Information is Protected Under the Work Product Doctrine.

"The purpose of the work product privilege is to further the interests of clients and the cause of justice by shielding the lawyer's mental processes from his adversary." *Green v. Kroger Co.*, 2022 WL 1078024, at *1 (S.D. Tex. Apr. 11, 2022) citing *In re Grand Jury Subpoena*, 220 F.3d 406, 408 (5th Cir. 2000). Undoubtedly, Dr. Tincher-Ladner's email conveys the mental processes (i.e., the deposition strategy) of PTK's counsel to members of PTK's Board of Directors, who are within the scope of the protection. This is exactly the type of the "lawyer's mental processes" that the work product doctrine is meant to protect from "his adversary." *Green*, 2022 WL 1078024, at *1. Because Dr. Tincher-Ladner's email maintains those mental processes confidential among herself and PTK's Board of Directors, the information qualifies as protected work product.

## C. No Waiver of the Privilege or Protection is Applicable.

PTK has not waived the attorney-client privilege nor the work product protection. "Waiver through disclosure in federal or state proceedings is addressed by Federal Rule of Evidence 502, which states in relevant part as follows:

**(b) Inadvertent disclosure.**—When made in a federal proceeding or to a Federal office or agency, the disclosure does not operate as a waiver in a Federal or State proceeding if:

(1) the disclosure is inadvertent;

(2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and

(3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)."

*Alpert*, 267 F.R.D. at 209 citing Federal Rule of Evidence 502. Here, as described below, PTK has taken all necessary steps to avoid waiver of the privilege and the protection.

As an initial matter, PTK did not disclose the protected information. Instead, it appears to have been disclosed in response to a public records request, whereby Grayson College inadvertently produced the information without identifying the privileged nature of the communication and perhaps without reviewing the information at all. It is likely that an IT professional or other employee of Grayson College collected documents concerning PTK and/or Dr. Tincher-Ladner in response to a request for such information by Marek.[2]

Three business days after learning of the inadvertent disclosure (on March 19, 2025, when Marek emailed PTK's counsel her Opposition), pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), PTK promptly notified Marek that the information in Exhibit D is privileged and

---

[2] If an IT professional or other employee of Grayson college, for example, did review Dr. Tincher-Ladner's email to Mary Linder, this would constitute, at most, an inadvertent disclosure of the privileged and protected communication, and PTK has taken the necessary steps to avoid waiver of the protection and privilege as described in the subsequent paragraph.

5

sought to inform her of the basis for its claim. In an abundance of caution, PTK has also taken steps to notify Grayson college where Linder is employed, Jackson College where Dr. Phelan is employed, and Palomar College where Dr. Boggs is employed of the inadvertent disclosure. PTK is requesting that each college produce to PTK all documents provided to Marek in response to public records requests so that PTK can ensure no other confidential or privileged information was inadvertently produced. For these reasons, under Federal Rule of Evidence 502, Federal Rule of Civil Procedure 26(b)(5)(B), and all other applicable authorities, PTK has not waived the attorney-client privilege nor the work product protection.

## IV. CONCLUSION

For the reasons above, PTK respectfully requests that the Court strike Exhibit D (ECF No. 14-4) to Plaintiff's Opposition to Defendant's Motion to Compel and the references to Exhibit D in Plaintiff's Opposition (ECF No. 14 at 2, 5) or, in the alternative, issue a protective order, pursuant to Fed. R. Civ. P. 26(c), to protect the privileged information referenced in Marek's filings.

Respectfully submitted, this the 24th day of March, 2025.

> */s/ Jonathan G. Polak*
> Jonathan G. Polak (Pro Hac Vice)
> TAFT STETTINIUS & HOLLISTER LLP
> One Indiana Square, Suite 3500
> Indianapolis, IN 46204-2023
> (317) 713-3500 – phone
> jpolak@taftlaw.com
>
>
> Rachel Smoot (Pro Hac Vice)
> TAFT STETTINIUS & HOLLISTER LLP
> 41 S. High Street, Suite 1800
> Columbus, OH 43215
> (614) 221-2838 – phone
> rsmoot@taftlaw.com

*/s/ Kevin D. Cullen*
Kevin D. Cullen, Texas State Bar #05208625
CULLEN, CARSNER, SEERDEN & CULLEN, LLP
119 S. Main Street
Victoria, TX 77901
(361) 573-6318 – phone
kcullen@cullenlawfirm.com

***Counsel for Defendant, Phi Theta Kappa Honor Society***

## **CERTIFICATE OF SERVICE**

I, Jonathan G. Polak, do hereby certify that I have this day electronically filed the foregoing pleading or other paper with the Clerk of the Court using the ECF system and electronically mailed a copy to the following:

> Toni Marek
> tonimarek@gmail.com

Dated: March 24, 2025

*/s/ Jonathan G. Polak*
Jonathan G. Polak
