United States District Court
Southern District of Texas
**ENTERED**
March 25, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| TONI MAREK, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 6:25-MC-00001 |
| | § | |
| PHI THETA KAPPA HONOR SOCIETY, | § | |
| | § | |
| Defendant. | § | |

# ORDER

Plaintiff Toni Marek ("Marek"), appearing *pro se*, has filed a motion to quash a deposition subpoena and a subpoena to produce documents, and for issuance of a protective order. (Doc. No. 1.) The subpoenas she challenges were issued by the United States District Court for the Southern District of Mississippi in litigation to which Marek is not a party. Marek's motion has been docketed as a miscellaneous case in this district. Meanwhile, defendant Phi Theta Kappa Honor Society ("PTK"), a party to that Mississippi litigation, has moved to compel Marek's compliance with the subpoenas. (Doc. No. 10.)[1] For the reasons discussed below, the Court orders the TRANSFER of both motions and this miscellaneous case to the "issuing court," the United States District Court for the Southern District of Mississippi, Northern Division.

*Phi Theta Kappa Honor Society v. HonorSociety.Org, Inc., et al.*, is a federal lawsuit pending in the Northern Division of the Southern District of Mississippi.[2] The case has been

---

[1] This case has been referred to the undersigned for case management and recommendations on dispositive matters. *See* Doc. No. 6; 28 U.S.C. § 636.

[2] Case No. 3:22-cv-00208 (S.D. Miss.) (the "Mississippi Case").

pending for nearly three years, having been filed in April 2022. The litigation has been lengthy and contentious, with more than 500 docket entries amassed as of today's date. There appears to be no connection between the Mississippi litigation and this district, except that nonparty Marek lives in this district. Marek has filed a declaration in this case on behalf of defendant HonorSociety.Org, Inc. ("Honor Society"), and Honor Society has listed Marek as one of its witnesses. (Mississippi Case, Doc. Nos. 226-50, 289-50; *id.* Doc. No. 381-1, p. 11.) PTK desires to depose Marek in her hometown of Victoria, which is located within this district and division, and has made multiple attempts to serve her with a deposition subpoena and a subpoena to produce documents, both of which were issued by the Mississippi federal court in October 2024. (Mississippi Case, Doc. No. 283-1.) Eventually, having been unable to personally serve Marek,[3] PTK arranged for the taping of a copy of the subpoenas to the door of Marek's residence. (Mississippi Case, Doc. No. 402, p. 1.)

Marek, proceeding *pro se*, then moved the Mississippi federal court to quash the subpoenas and grant a protective order against PTK's allegedly harassing conduct in attempting to serve her. (Mississippi Case, Doc. No. 371.) The Mississippi court, however, denied Marek's motion without prejudice for lack of jurisdiction because she had filed it in the wrong court: the Southern District of Texas is the "district of compliance," where compliance with the subpoenas would take place. (Mississippi Case, Doc. No. 402.)

Marek then filed her motion in this district. (Doc. No. 1.) In her motion, Marek claims that this Court should quash the subpoenas because they have not been properly served. *Id.* at 3-4. She also argues that the subpoenas are unenforceable because they were untimely, in that the

---

[3] Those attempts have been unsuccessful, PTK claims, because Marek has deliberately evaded such service. (Doc. No. 9, pp. 4-5.)

discovery period in the Mississippi case has ended. *Id.* at 4. Finally, she claims that PTK's conduct in attempting to serve the subpoenas constitutes harassment and abuse of process, and seeks a protective order from further improper conduct. *Id.* at 4-5. PTK opposes Marek's motion, arguing that Marek has wrongfully evaded service of the subpoenas, and in any event that improper service is not among the enumerated grounds for the quashing of a subpoena. (Doc. No. 9, pp. 7-8.) PTK adds that Marek has made no showing that the requested documents are not relevant or that appearing for a deposition in her hometown would be unreasonable or oppressive. *Id.* at 8-11. PTK notes that the discovery deadline in the Mississippi case expired on December 19, 2024, but that the Mississippi federal court "has allowed the parties to engage in limited discovery where efforts to engage in that discovery pre-dated the expiration of the discovery deadline." *Id.* at 12.

PTK separately moves this Court to enforce the subpoenas, not to quash them. In its motion to compel, PTK argues as it did in its response to Marek's motion: that Marek has been evading service of the subpoenas; that the information PTK seeks is relevant; and that Marek's appearance for a deposition in Victoria would not be unreasonable or oppressive. (Doc. No. 10, pp. 8-11.) Marek filed an opposition to PTK's motion, essentially repeating the arguments she makes in her own motion to quash. (Doc. No. 14.)[4]

Marek's motion to quash is properly filed in this Court, as is PTK's motion to compel. Federal Rule of Civil Procedure 45 makes a distinction between the court that issued the

---

[4] Honor Society has also attempted to file a response to PTK's motion, urging the Court to deny enforcement of PTK's third-party subpoenas to nonparty Marek. (Doc. No. 13.) Honor Society does not claim that any document that Marek might produce, or any testimony she might give at a deposition, would reveal any privilege or other protected matter belonging to Honor Society, *see* Fed. R. Civ. P. 45(d)(3)(A)(iii), but the Court expresses no opinion regarding whether Honor Society has standing to oppose PTK's motion to compel.

challenged subpoena (the "issuing court") and the court for the district in which compliance with the subpoena is required (the "compliance court"). The compliance court is responsible for matters relating to the enforcement of subpoenas, including motions to quash or compel compliance with such subpoenas. *See* Fed. R. Civ. P. 45(d)(3). The compliance court must quash or modify a subpoena that fails to allow a reasonable time to comply, requires a person to comply beyond the geographical limits specified in Rule 45(c), requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(i-iv). The issuing court has no authority to address such motions unless (1) it is also the compliance court or (2) the compliance court transfers the motion to the issuing court. *See* Fed. R. Civ. P. 45(d)(3), 45(f).

Transfers are permitted under Rule 45(f) if the person subject to the subpoena consents to such transfer or where the compliance court finds "exceptional circumstances." The rule, which was added in 2013, does not require the filing of a motion to transfer: a court may transfer the matter *sua sponte*, so long as it finds exceptional circumstances. *See Buc-ee's Ltd. v. Shepherd Retail, Inc.*, No. 3:17-mc-1, 2017 WL 86143, at *1 (N.D. Tex. Jan. 10, 2017); *accord Parker Compound Bows, Inc. v. Hunter's Mfg. Co., Inc.*, No. 5:15-MC-00064, 2015 WL 7308655 (N.D. Ohio Nov. 19, 2015).

The advisory committee notes accompanying Rule 45(f) indicate that the "prime concern should be avoiding burdens on local nonparties subject to subpoenas." Fed. R. Civ. P. 45(f), advisory committee's note to 2013 amendment. But "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation." *Id.* Transfer is appropriate, the advisory committee notes state, "only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.* Transfer

is appropriate where the issuing court "is best-positioned to address the subpoena dispute given the nature of the dispute and the posture and complexity of the underlying action, where the issuing court has already set out a discovery schedule in the underlying action, and to serve the interests of justice and judicial efficiency." *Full Circle United, LLC v. Bay Tek Ent., Inc.*, 581 F. Sup. 3d 523, 525 (S.D.N.Y. 2022) (cleaned up).

Here, the Court concludes that exceptional circumstances exist and that transfer of these motions to the issuing court is appropriate. The federal court in Mississippi is far better positioned than this Court to address these motions. First, the nature and complexity of the case and the length of its pendency strongly weigh in favor of transfer. The Mississippi Case has been ongoing since 2022, and the court's docket in that case spans more than 500 entries. This complicated case presents federal Lanham Act claims of false designation of origin, trade dress infringement, and false advertising, as well as Mississippi state law claims of trade dress infringement, unfair competition, and tortious interference with contract and prospective business advantage. (Mississippi Case, Doc. No. 136.) Counterclaims and third-party claims filed by Honor Society include federal allegations of attempted monopolization under the Sherman Act, false advertising, and cybersquatting, along with Mississippi state allegations of defamation and tortious interference with business relations and with prospective business advantage. (Mississippi Case, Doc. No. 138.) The case is scheduled for trial in June 2025, although a motion for continuance is pending. *See id.* Minute Entry dated May 7, 2024; *see also id.* Doc. No. 481. The parties have been engaged in summary judgment briefing. *Id.* Doc. Nos. 425, 498. The district judge and magistrate judge in the Mississippi case are far more familiar than this Court with the long-running facts and complexities of that case. *Cf. Abercrombie & Fitch Trading Co. v. Beauty Encounter, Inc.*, No. 24-MC-9, 2024 WL 308097, at *2 (S.D.N.Y.

Jan. 26, 2024) (exceptional circumstances found where issuing court was "intimately familiar with the history and complex facts of the current litigation" (cleaned up)). Additionally, PTK states, without contradiction, that the Mississippi federal court has "allowed the parties to engage in limited discovery where efforts to engage in that discovery pre-dated the expiration of the discovery deadline." (Doc. No. 9, p. 12.) The scope of discovery envisioned, permitted, or denied by the Mississippi federal court is a quintessential exercise of that court's discretion in managing its docket; transfer of these motions would avoid an intrusion by this Court into the Mississippi federal court's management of the discovery schedule and its trial docket.

Meanwhile, transfer of these motions would not appear to impose any meaningful burden on Marek. Marek has already attempted to litigate this same motion in the Mississippi federal court, and has shown herself to be fully capable of doing so. Additionally, the issuing court is empowered to take steps it deems appropriate to reduce any burden on Marek: where motions such as these are transferred to the issuing court, issuing court judges are "encouraged to permit telecommunications methods to minimalize the burden a transfer imposes on nonparties…." Fed. R. Civ. P. 45(f), advisory committee's note to 2013 amendment. And litigation of the motions is different from eventual compliance with the subpoenas: if the Mississippi federal court ultimately rules that Marek must comply with the subpoenas, PTK has always sought compliance with those subpoenas in Marek's hometown of Victoria, so any burden associated with actual compliance remains unchanged regardless of where the motions are litigated.

Weighing the relative equities, the Court finds that the interests favoring transfer significantly outweigh any burden that Marek might encounter in litigating her motion or PTK's motion in the issuing court. Exceptional circumstances exist, and transfer is appropriate. The Court ORDERS, *sua sponte*, that this case be transferred to the Northern Division of the

Southern District of Mississippi pursuant to Federal Rule of Civil Procedure 45(f), to be considered with *Phi Theta Kappa Honor Society v. HonorSociety.Org, Inc. et al.*, No. 3:22-cv-00208 (S.D. Miss. filed Apr. 20, 2022).[5]  The Clerk is DIRECTED to transfer this case to the Southern District of Mississippi and to CLOSE this miscellaneous case.

       ORDERED on March 25, 2025.

                                              MITCHEL NEUROCK
                                              United States Magistrate Judge

---

[5] Also transferred, along with the rest of this miscellaneous case, is the motion to strike filed by PTK as this order was being finalized. (Doc. No. 14.)